FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 05, 2017

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

HECTOR ENRIQUES PEREZ,

Petitioner,

v.

JEFFREY A. UTTECHT,

Respondent.

No. 1:17-CV-3006-JTR

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is Petitioner's pleading entitled "In the Matter of the Denial Motion to Stay and Abey Fed Habeas Proceedings." ECF No. 19.

On March 13, 2017, the Court denied Petitioner's request to stay and abey his federal habeas action while he attempted to pursue an amended personal restraint petition in state court. ECF No. 16. In the instant pleading, Petitioner requests the Court rule in his favor on his previous request to stay his federal habeas matter. ECF No. 19 at 8. The Court thus construes the instant pleading, ECF No. 19, as a motion for reconsideration of this Court's March 13, 2017 Order Denying Motion to Stay and Abey Federal Habeas Proceedings.

It is a basic principle of federal practice that "courts generally . . . refuse to reopen what has been decided." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912); *Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). However, reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th

Cir. 1993), cert. denied, 512 U.S. 1236, 114 S.Ct. 2742 (1994); *see also Alliance for Cannabis Therapeutics v. D.E.A.*, 15 F.3d 1131, 1134 (D.C. Cir. 1994). There may also be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Pursuant to Fed. R. Civ. P. 60(b), reconsideration is available upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by an opposing party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Here, Petitioner has demonstrated no new or different facts or circumstances; newly discovered evidence; fraud, misrepresentation, or party misconduct; or mistake, inadvertence, surprise, or excusable neglect to warrant reconsideration. Nor has Petitioner alleged that relief is appropriate under Rule 60(b)(4)-(6). Petitioner therefore fails to provide a proper basis for this Court to reconsider its prior ruling on this matter under Rule 60(b).

Accordingly, Petitioner's motion for reconsideration, **ECF No. 19**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Petitioner and counsel for Respondent.

DATED May 5, 2017.




JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE